either by the jury or the court, it is not necessary to determine the above matter.

There are other questions raised relating to the measure of damages and the sufficiency of the evidence to support the damages recovered, but in view of the fact that this cause must be reversed and remanded for a new trial we pretermit a discussion of the measure of damages or the sufficiency of the evidence to support the amount of damages recovered.

The judgment will be reversed and, in view of the fact that no motion for an instructed verdict was made in the trial court and the case not having been fully developed, the cause will be remanded for a new trial.

Reversed and remanded.

COMBS, Justice.

This appeal is by writ of error.

The transcript was filed in this court too late. Petition for writ of error was filed December 21, 1939, writ of error bond was filed December 22, 1939, and citation was served December 26, 1939. Transcript was filed in this court May 23, 1940.

The statute requires transcript to be filed with the clerk of the Court of Civil Appeals within sixty days from service of writ of error. Vernon's Ann.Civ.St. Art. 1839.

The motion of defendant in error to dismiss the appeal is granted. Taylor v. Callahan, Tex.Civ.App., 122 S.W.2d 652.

Appeal dismissed.

---

### SHEPPARD et al. v. COALE.

### No. 3748.

Court of Civil Appeals of Texas. Beaumont.

March 21, 1941.

Rehearing Denied April 2, 1941.

D. E. O'Fiel, of Beaumont, for plaintiffs in error.

K. W. Stephenson and D. C. Bland, both of Orange, for defendant in error.

### EMPLOYERS' LIABILITY ASSUR. CORPORATION, Ltd., v. KOLP.

### No. 14178.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 21, 1941.

Rehearing Denied April 4, 1941.

